No. 24-6001

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

Stephon Lekeith Hopkins,

*Plaintiff-Appellant*,

v.

Jacob Walters, in his individual capacity;
and Austin Fowler, in his individual capacity,

*Defendants-Appellees*.

Appeal from the United States District Court
for the District of South Carolina in Greenville

No. 6:21-cv-00553-JD-JDA

**APPELLANT'S REPLY BRIEF**

Bakari T. Sellers
Amy E. Willbanks
STROM LAW FIRM, LLC
6923 North Trenholm Road
Columbia, SC 29206
(803) 252-4800

*Attorneys for Appellant*

## Table of Contents

Page

Table of Contents ................................................................................................ i

Table of Authorities ............................................................................................ ii

Argument ............................................................................................................. 1

    I.      The district court's analysis, whether solely through the lens of *res judicata,* through the lens of collateral estoppel, or both, was erroneous. ………………………………………………………...... 1

    II.     Should this Court determine that the district court created an appealable finding on collateral estoppel in Footnote 3, the issue should not be deemed waived……………………..………………………….5

    III.    Appellant hereby incorporates his prior argument in the district court that his remaining § 1983 claims are not barred by collateral estoppel……………………………………………………………7

Conclusion ......................................................................................................... 10

Certificate of Compliance ................................................................................. 11

Certificate of Service ......................................................................................... 12

## Table of Authorities

**Cases**                                                                 **Page(s)**

*Beall v. Doe,* 281 S.C. 363, 315 S.E.2d 186 (Ct.App.1984)…………..……1-2, 8

*Carrigg v. Cannon*, 347 S.C. 75, 552 S.E.2d 767 (Ct. App. 2001)……….....3, 8

*In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322 (4th Cir. 2004)……...4, 7-8

*Pye v. Acock*, 325 S.C. at 437-38, 480 S.E.2d at 460-61 (1997)……………….8

*Sedlack v. Braswell Servs. Group, Inc.,* 134 F.3d 219 (4th Cir.1998)………6, 7

*Trinity Indus., Inc. v. Herman*, 173 F.3d 527 (4th Cir. 1999)………………….6

*United States v. Head,* 340 F.3d 628 (8th Cir. 2003)…………………………..7

*United States v. Williams,* 445 F.3d 724 (4th Cir.2006)………………….……6

**Statutes**

42 U.S.C. § 1983 ............................................................................. …..*passim*

## Argument in Reply

Appellees' assertion before this court that the district court decided the case on two separate grounds, both *res judicata* <u>and</u> collateral estoppel, is a bit specious. Appellees' attempted misdirection should not be substituted for a meaningful analysis of whether they met their burden of proving Appellant's § 1983 claims in federal court against the individual officers should be extinguished by a state jury's finding that GCSO and GCDC were not grossly negligent, from a hiring and premises standpoint, and/or had not caused actual damage to Appellant.

I.  **The district court's analysis, whether solely through the lens of *res judicata,* through the lens of collateral estoppel, or both, was erroneous.**

The district court declared that *res judicata* was dispositive in coming to its conclusion to grant the amended motion for summary judgment. [DE #108 at p. 8, fn. 3] (hereinafter "Footnote 3"). The district court mentioned in passing in Footnote 3 that Appellees could "equally meet" the test for collateral estoppel as well as *res judicata.* However, there is no meaningful legal analysis by the district court to support that conclusory remark. It further appears to overlook the differences in the analyses of *res judicata* and collateral estoppel. The Court of Appeals elucidated in *Beall v. Doe*, 281 S.C. 363, 315 S.E.2d 186 (Ct. App. 1984):

> The doctrines of res judicata and collateral estoppel are . . . two different concepts. A final judgment on the merits in a prior action will conclude the parties and their privies under the

1

> doctrine of res judicata in a second action based on the same claim as to issues actually litigated and as to issues which might have been litigated in the first action. Under the doctrine of collateral estoppel, . . . the second action is based upon a different claim and the judgment in the first action precludes relitigation of only those issues actually and necessarily litigated and determined in the first suit.

*Id*. at 369 n.1, 315 S.E.2d at 190 n.1.

Because the Order pronounced that the district court had decided the case on the basis of *res judicata*, that is the ruling from which Appellant took this appeal. Appellant argued below not only that collateral estoppel was a subset of *res judicata*, but also that similar reasons argued against a *res judicata* bar applied to an inspection of whether the issues could be precluded under collateral estoppel. The district court seemed to acknowledge in Footnote 3 with its "equally meet" conclusion that there was some overlap in the analysis. But the district court's analysis is not apparent. At best, Footnote 3 created significant ambiguity as to the basis for the decision which should be clarified before the issue of collateral estoppel, which both parties argued below, should be deemed waived.

Contrary to the assertion of Appellees in their brief, and aligned with his response to the amended motion for summary judgment below, Appellant's opening brief highlighted the differences between the rights and duties inspected in both cases for purposes of the distinct claims and issues presented in each of them to explain why the negligence verdict in favor of the defendants in the state court case

2

did not dispose of the constitutional claims still pending against separate defendants in the federal court case. Appellees have argued in their responsive brief before this Court that Appellant has failed to show why preclusion does not apply. However, the burden of proof is on Appellees, and their attempt to shift it does not provide a basis for affirming the district court's decision.

Under South Carolina law, the party asserting collateral estoppel must prove that the issue was actually litigated and directly determined in the prior action and that the matter or fact directly in issue was necessary to support the first judgment. *Carrigg v. Cannon*, 347 S.C. 75, 552 S.E.2d 767 (Ct. App. 2001). Appellees persist in relying solely on bare statements that the issue of excessive force was already litigated, and have not cited any actual material showing the issue of excessive force was directly determined by the jury or how such a finding was necessary to support the negligence judgment. Akin to beating a drum with a toothpick, Appellees reliance on this repeated assertion does not meet their burden to demonstrate specifically where that finding was made or how it was essential to the judgment.

Ultimately, the verdict form jointly negotiated by counsel at the close of the state court trial is fatal to Appellees' position. It asked only whether the jury found GCSO or GCDC to have been "grossly negligent, causing actual damage to" Appellant. [JA164] The jury responded "no" and judgment was entered in favor of GCSO and GCDC. [*Id.*] It is not possible for Appellees to demonstrate before this

3

Court whether the jury's verdict was based on lack of proof of gross negligence, lack of proof of actual damages, or both. Without that showing, neither *res judicata* nor collateral estoppel can be dispositive of the remaining claims in the federal case. Furthermore, where, as here, issue preclusion is "considered in the context of two separate litigations[,] if a judgment in the prior case is supported by either of two findings, neither finding can be found essential to the judgment." *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 328 (4th Cir. 2004).

According to the pre-trial brief of GCSO and GCDC, the issues to be tried in the state court case included gross negligence claims for negligent hiring, supervision, and retention and for premises liability.[1] [JA124] Not only was excessive force not submitted as an issue at trial, but the jury was never instructed on the relevant law. Moreover, a finding regarding the nature of the force under the circumstances was neither required nor necessary for the jury to make findings regarding negligent hiring and premises liability. Furthermore, Appellees were not parties to the state court case. Therefore, the jury made no findings about the conduct

---

[1] Notably, Appellant argued before the district court that Appellees should be judicially estopped from first asserting to the state court that the issues to be determined were gross negligence and premises liability in their pre-trial brief, and then later asserting before the district court that the issue determined was excessive force. Unfortunately, the district court did not reach this issue, presumably based on its finding that *res judicata* was dispositive. However, Appellees persist in that chameleonic shift before this Court, and Appellant still takes issue with that change in position.

4

of the individual persons who are parties in this case. Finally, a finding that either of the Appellees violated Appellant's constitutional rights by their uses of force was not necessary to the jury's judgment in favor of GCSO and GCDC on negligence and actual damages.

Because Appellees cannot demonstrate to this Court that the jury in the state court case actually resolved any of those issues, their amended motion for summary judgment on that basis should have been denied by the district court. The issue of excessive force against the individual officers should go to the jury in accordance with the prior district court Order on summary judgment. [DE #68, DE #71]

From a policy standpoint, the preclusion rule sought to be applied by Appellees in this case is essentially that we should imply from a jury verdict against two parties on state negligence claims that they considered the issue of whether two separate non-parties had used excessive force under the United States Constitution. This cannot be the case. It would create a rule that a state court jury not only can tacitly determine that a person's federal constitutional rights were not violated but can do so while entirely circumventing the factual and legal analysis required by the courts. This seems a preposterous result.

**II.  Should this Court determine that the district court created an appealable finding on collateral estoppel in Footnote 3, the issue should not be deemed waived.**

Appellant already argued before the district court, in accordance with well-

5

settled law, that collateral estoppel is a subset of *res judicata*, arguing the preclusive effect of collateral estoppel is only activated when the party against whom it is being asserted had a full and fair opportunity to litigate those identical issues. *Sedlack v. Braswell Servs. Group, Inc.,* 134 F.3d 219, 224 (4th Cir.1998) Appellant's arguments in the opening brief to this Court already carefully laid out the ways in which the issues he still believes lack determination were not identical and not necessary to the prior judgment. This Court's policy is that it will consider arguments raised in reply when they are closely related to issues raised in the opening brief. *Trinity Indus., Inc. v. Herman*, 173 F.3d 527, 531 (4th Cir. 1999). For that reason, and the additional reasons discussed below, should the Court find the collateral estoppel aspect in Footnote 3 of the district court's Order is necessary to its own determination in this appeal, that issue is not waived.

It may be the ordinary rule that an argument raised for the first time in a reply brief or memorandum will not be considered. *See, United States v. Williams,* 445 F.3d 724, 736 n. 6 (4th Cir.2006). However, this issue is not being raised for the first time in Appellant's reply brief. To the extent Appellant's prior argument on *res judicata* is not deemed to have addressed the very same arguments with respect to the collateral estoppel subset, because this issue was raised by Appellees in their responsive brief as being part of the district court's ruling, Appellant should be permitted to respond accordingly.

6

The power to decline consideration of arguments raised in a reply is discretionary, and courts are not precluded from considering such issues in appropriate circumstances. One of those appropriate circumstances is where the opponent has actually raised the issue in a responsive brief. *United States v. Head,* 340 F.3d 628, 630 n. 4 (8th Cir. 2003). Appellees would not be prejudiced by this Court's discussion and consideration of the narrower collateral estoppel subgenre as it may see fit because the basis for the district court's order was unclear, it is closely related to the issues discussed in the opening brief, and Appellees raised the issue in their responsive brief.

### III. Appellant hereby incorporates his prior argument in the district court that his remaining § 1983 claims are not barred by collateral estoppel.

As argued before the district court, the collateral estoppel doctrine is a subgenre of the *res judicata* genre. Applying collateral estoppel "forecloses the relitigation of issues of fact or law that are **identical** to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a **full and fair opportunity to litigate**." *Sedlack v. Braswell Servs. Group, Inc.,* 134 F.3d 219, 224 (4th Cir.1998) (emphasis added) (internal quotation marks and citation omitted). To apply collateral estoppel or issue preclusion to an issue or fact, the proponent must demonstrate that:

(1) the issue or fact is identical to the one previously litigated;

7

> (2) the issue or fact was actually resolved in the prior proceeding;
> (3) the issue or fact was necessary to the judgment in the prior proceeding;
> (4) the judgment in the prior proceeding is final and valid; and
> (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.

*In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004).

Appellees have made no showing that the issue of excessive force was "actually litigated and directly determined" in the prior action. They likewise have made no showing how the issue of whether or not the individual officers used excessive force was necessary or crucial to the judgment that GCSO did not negligently hire them, and GCDC did not negligently expose him to dangerous conditions known to exist on its premises. *See, e.g.*, *Beall v. Doe,* 281 S.C. 363, 371, 315 S.E.2d 186, 191 (Ct.App.1984).

Even when the elements of *res judicata* and collateral estoppel have been met, they will not be rigidly or mechanically applied, and the application of the doctrines may be precluded where unfairness or injustice results, or public policy requires it. *Carrigg v. Cannon*, 347 S.C. 75, 552 S.E.2d 767 (Ct. App. 2001). Further, even if this Court were to find that the issue of excessive force was actually litigated and that determination of those issues was essential to the final judgment, relitigation of that issue in this action is <u>not</u> precluded where a new determination of the issue is warranted by factors relating to the allocation of jurisdiction between the two courts.

8

*See*, *Pye v. Acock*, 325 S.C. at 437-38, 480 S.E.2d at 460-61 (1997).

For one, the district court had already ruled against Appellees on two claims within their motion for summary judgment prior to the state court trial, i.e., the district court specifically found that a jury could reasonably find that the individual Appellees had violated Appellant's constitutional rights during two separate occurrences. [DE # 68, DE # 71] However, the jury in the state court trial was never presented with those issues. In fact, the jury was not required at all to make a finding that excessive force was used by Appellees against Appellant, thereby violating his constitutional rights. And such a determination was not necessary to their determination of whether GCSO negligently hired, trained, and retained an officer with a long and troubling history of anger and violence toward citizens, or whether GCSO negligently operated an intake area on its premises that allowed violence against detainees without intervention despite constant surveillance of the area. It is also indeterminate from the verdict form whether the basis for the jury's verdict could have been that though they may have agreed GSCO and GCDC were grossly negligent, they did not believe Appellant had suffered any actual damage, a finding not necessary in the inquiry into whether the individual officers used excessive force against him under the circumstances.

9

## Conclusion

For the foregoing reasons, Appellant respectfully requests that this Honorable Court remand the case to the district court for a trial on his § 1983 excessive force claims against the individual officers. Alternatively, if the Court determines clarification of the basis for the district court's order is needed, Appellant respectfully requests the Court remand the case for that purpose.

Date: May 1, 2024

        Bakari T. Sellers
        Amy E. Willbanks
        STROM LAW FIRM, LLC
        6923 North Trenholm Road
        Columbia, SC 29206
        (803) 252-4800

        *Attorneys for Plaintiff-Appellant*

## Certificate of Compliance

Counsel for Appellant hereby certifies this brief complies with: (1) the type-volume limitation of Federal Rules of Appellate Procedure 29(a)(5), 32(a)(7)(B)(i), and 4 Cir. R. 32-4 because it is 15 pages or less, and contains <u>2,339</u> words excluding the parts of the brief exempted by Rule 32(f).

Counsel for Appellant further certifies this brief complies with the typeface requirements of Fed. R. App. P. Rule 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) and 4 Cir. R. 32-3 because it has been prepared in a proportionally spaced typeface using Microsoft Word (14-point Times New Roman) and is double-spaced.

>Bakari T. Sellers
>Amy E. Willbanks
>STROM LAW FIRM, LLC
>6923 North Trenholm Road
>Columbia, SC 29206
>(803) 252-4800
>
>*Attorneys for Plaintiff-Appellant*

## Certificate of Service

I hereby certify that the foregoing was filed with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit on May 1, 2024 by using the appellate CM/ECF system, and service was accomplished on all counsel of record by the appellate CM/ECF system.

/s/ *Amy E. Willbanks*
Amy E. Willbanks
STROM LAW FIRM, LLC
6923 North Trenholm Road
Columbia, South Carolina 29206
(803) 252-4800

*Attorney for Plaintiff-Appellant*